CROWNINSHIELD/OLD TOWN COMMUNITY URBAN REDEVELOPMENT CORPORATION et al.

v.

CAMPEON ROOFING & WATERPROOFING, INC., Appellee, et al.; Notter, Finegold & Alexander, Inc., Appellant.

[Cite as *Crowninshield/Old Town Community Urban Redev. Corp. v. Campeon Roofing & Waterproofing, Inc.* (1998), 129 Ohio App.3d 819.]

Court of Appeals of Ohio, First District, Hamilton County.

No. C–970420.

Decided Sept. 18, 1998.

*Paul B. Calico, William K. Flynn* and *Steven F. Stuhlbarg,* for appellee Campeon Roofing & Waterproofing.

*Leonard A. Weakley, Jr.,* and *James J. Englert,* for appellant Notter, Finegold & Alexander, Inc.

*Per Curiam.*

This appeal stems from a lengthy litigation involving the 1979–1980 conversion of three commercial buildings in downtown Cincinnati into a residential development called the "Fourth and Plum Apartments." Shortly after the completion of construction, a series of leaks through the roof of the complex developed, causing extensive damage to the property and loss of rental income.

Plaintiff Crowninshield/Old Town Community Redevelopment Corporation, a Massachusetts corporation, owned the buildings and developed the property. Crowninshield leased the property to plaintiff Old Town Apartments, Ltd., an Ohio partnership consisting of Crowninshield and defendant Peabody Construction Co., Inc., which undertook the project of converting the buildings into luxury apartments. We refer to Crowninshield and Old Town Apartments collectively as "Crowninshield." Crowninshield engaged Peabody to be the general contractor, and Peabody, in turn, hired defendant-appellee Campeon Roofing & Waterproofing, Inc., as the roofing subcontractor. Crowninshield also hired defendant-appellant Notter, Finegold & Alexander, Inc. ("N.F.A."), a Massachusetts architectural firm, to prepare construction plans and specifications for the renovation of the buildings.

To recover the damages caused by the faulty roof, Crowninshield originally filed suit in 1987. After the consolidation of two separate cases and numerous amendments of the pleadings, Crowninshield filed a consolidated, unified complaint naming Campeon, N.F.A., Peabody, and another company as defendants. These defendants, including N.F.A., filed cross-claims against each other for indemnification and contribution.

Due to settlements between the parties that resulted in the dismissal of various claims, N.F.A. became the sole remaining defendant on the claims asserted by Crowninshield. In March 1993, the trial court granted summary judgment in favor of N.F.A. on those claims, holding that they were filed outside the applicable statute of limitations. Crowninshield appealed that judgment to this court. Subsequently, N.F.A. filed an amended cross-claim against Campeon, in which it sought indemnification for attorney fees it had incurred, based on language in the subcontract agreement between Peabody and Campeon. Campeon filed a motion to dismiss the amended cross-claim under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. The trial court granted the motion to dismiss, and N.F.A. appealed that judgment to this court.

In a consolidated appeal, this court affirmed the trial court's decision granting summary judgment in favor of N.F.A. on Crowninshield's claims. But we held that the trial court had converted Campeon's motion to dismiss N.F.A.'s amended cross-claim into a motion for summary judgment without giving proper notice to

the parties. Consequently, we reversed the trial court's judgment granting the motion to dismiss and remanded the cause to the trial court for further proceedings relating to N.F.A.'s cross-claim. On remand, Crowninshield and Campeon filed a motion for summary judgment on N.F.A.'s amended cross-claim, and N.F.A. filed its own motion for partial summary judgment. The trial court granted summary judgment in favor of Crowninshield and Campeon without stating its reasons for doing so.

N.F.A. has filed a timely appeal from the trial court's judgment. Crowninshield and Campeon call themselves the appellees in this case. Crowninshield still claims to be a proper party to this appeal even though all claims filed by or against Crowninshield have been resolved. Apparently, as part of a settlement, Crowninshield agreed to provide a defense for Campeon. Counsel for Crowninshield is now representing Campeon and all documents filed in the court below and in this court have been filed in both names. But the record does not show that Crowninshield continues to have a present interest in the subject matter of the litigation or that it is a party aggrieved by the final order from which the appeal is taken. Consequently, it has no standing to appeal, and we consider Campeon to be the only appellee in this case. *State ex rel. Gabriel v. Youngstown* (1996), 75 Ohio St.3d 618, 619, 665 N.E.2d 209, 210; *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203, 1205.

N.F.A. presents two assignments of error for review. In its first assignment of error, it states that the trial court erred in granting Campeon's motion for summary judgment on its amended cross-claim. In its second assignment of error, N.F.A. states that the trial court erred in overruling its motion for partial summary judgment. It argues that, under the plain language of the indemnity provision in the subcontract between Peabody and Campeon, Campeon must indemnify N.F.A. for its losses subject to a finding that Campeon was negligent. We find that this assignment of error is not well taken.

N.F.A. seeks to recover as a third-party beneficiary of a subcontract between Peabody, the general contractor, and Campeon, the subcontractor. See *Anderson v. Olmsted Util. Equip., Inc.* (1991), 60 Ohio St.3d 124, 573 N.E.2d 626. We first note that this contract specifically provides that it "shall be construed in accordance with the laws of the Commonwealth of Massachusetts." The parties argue extensively over whether Massachusetts or Ohio law should apply. We need not decide that matter, however, because Ohio law and Massachusetts law are substantially the same on the dispositive issue.

The subcontract begins by stating that the subcontractor "agrees to furnish all labor and materials required for the completion of all work" on the "specifications for roofing and flashing" at the Fourth and Plum Apartments. The indemnity provision specifically states:

"The Subcontractor shall indemnify and hold harmless the Contractor and/or the Owner and Awarding Authority and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the work, provided that any such claims, damages, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any negligent act or omission of the Subcontractor, and any sub-Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused by a party indemnified hereunder."

■ The interpretation of a written agreement is, in the first instance, a matter of law for the court. If it is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920, 923; *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1, 4–5, 553 N.E.2d 1371, 1375. But if the provisions of a contract are ambiguous and the meaning of a material term is not apparent from the four corners of the contract, an issue of fact exists, making summary judgment inappropriate. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 448–449, 474 N.E.2d 271, 273–274; *Seringetti, supra,* at 4–5, 553 N.E.2d at 1375.

■■ In the construction of any written agreement, a court's primary objective is to ascertain and give effect to the intent of the parties, which can be found in the language they chose to employ. The court will give common words and phases their ordinary meaning unless the totality of the contract reveals a contrary intent. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519, 526. Accord *Freelander v. G. & K. Realty Corp.* (1970), 357 Mass. 512, 258 N.E.2d 786; *Sherman v. Employers' Liab. Assur. Corp., Ltd.* (1961), 343 Mass. 354, 178 N.E.2d 864; *Nelson v. Hamlin* (1927), 258 Mass. 331, 155 N.E. 18.

The indemnification provision here begins by stating that Campeon will indemnify certain entities including "the Architect" for all claims "arising out of or resulting from the performance of the work[.]" The parties argue vociferously over whether N.F.A. was "the Architect" referred to in the subcontract and whether its furnishing of the construction plans and specifications met the definition of "the work" provided in the contract. Though we find those terms to be ambiguous, we do not find that conclusion to be dispositive of the case.

■ The indemnity provision goes on to place two conditions on indemnification. The first states that the loss must be "attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use therefrom[.]" Campeon argues that N.F.A.'s cross-claim is outside the scope of the indemnity clause because N.F.A. seeks indemnification in connection with Crowninshield's original claims for damages, which involved "the Work itself." We agree.

The subcontract between Campeon and Peabody specifically incorporates the provisions of the general contract between the owner, Old Town Apartments, and the general contractor, Peabody. That contract, in turn, incorporates Document A201 of the American Institute of Architects, "General Conditions of the Contract for Construction." The general conditions state that "[t]he Work comprises the completed construction required by the Contract Documents and includes all labor necessary to produce such construction, and all materials and equipment incorporated or to be incorporated in such construction." All claims for damages in this suit, out of which N.F.A.'s claim for attorney fees arises, relate to the faulty construction of the roof. These claims fall under the definition of "the Work" in the contract. See *Zurich Gen. Acc. & Liab. Ins. Co. v. Liberman* (C.P.1947), 47 Ohio Law Abs. 300, 71 N.E.2d 281. Compare *Hillman v. Leland E. Burns, Inc.* (1989), 209 Cal.App.3d 860, 257 Cal.Rptr. 535 (contractor's employee killed in construction accident). Under the plain language of the indemnity provision, claims for damages to tangible property must be for "other than the Work itself." Consequently, N.F.A.'s claim for indemnification falls outside the scope of the indemnity provision, and it cannot recover on its amended cross-claim.

We find no issues of material fact. Construing the evidence most strongly in N.F.A.'s favor, we hold that reasonable minds could come to but one conclusion – that N.F.A. is not entitled to indemnity. Campeon was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Accordingly, we overrule both of N.F.A.'s assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SUNDERMANN, P.J., DOAN and MARIANNA BROWN BETTMAN, JJ., concur.