JOURNAL ENTRY OPINION
Appellants, Coleman Heffinger and Robert Heffinger are appealing the order of the trial court denying their Civ.R. 60(B) motion to vacate the agreed settlement entry dated August 18, 1999. For the following reasons, we dismiss this appeal.
Christina Ermidis was driving southbound on West 117th Street. Kenneth Low, an uninsured motorist, rear-ended Mrs. Ermidis. Mrs. Ermidis' vehicle was pushed into the lane of on-coming northbound traffic. Coleman Heffinger was driving in the northbound lane, and was hit by Mrs. Ermidis' vehicle. The truck Coleman was driving was owned by Robert Heffinger.
On March 27, 1998, Coleman and Robert Heffinger filed a complaint against their insurance company, State Farm, in case number 351861. They alleged that State Farm was required to cover the damages to the truck under R.C. 3937.181. The plaintiffs prayed for the amount of damages to the truck, $5,947.69, plus interest and attorney fees. Appellants filed a supplemental complaint, adding Christina Ermidis as a party, alleging that her negligence caused the accident. The supplemental complaint further alleges that State Farm is the insurer of Mrs. Ermidis.
On November 6, 1998, the trial court sua sponte consolidated case number 351861 with case number 367382. Case number 367382 was filed by Christina Ermidis and her husband, suing Kenneth Low for negligence, and seeking payment from her insurance company, State Farm.
On May 13, 1999, Coleman and Robert Heffinger, State Farm and Christina Ermidis entered into a Stipulation for Dismissal and Judgement Entry. This Entry stated, ". . . the claims of Plaintiffs Coleman Heffinger and Robert Heffinger are settled and dismissed, with prejudice. All other claims shall remain pending."
On August 18, 1999, Christine Ermidis, Charles Ermidis and State Farm entered a Joint Stipulation for Dismissal and Judgment Entry, stating that all the claims of the Ermidis' and State Farm were settled and dismissed with prejudice. The court docket lists the Joint Stipulation as, "Joint Stipulation — settled and dismissed as to all claims." The court entered a final journal entry under both case numbers. The journal entry stated, "dismissal entered."
Appellants filed a motion to correct the docket, objecting to the language "settled and dismissed as to all claims." Appellants argued that they had a personal injury case pending against State Farm, so all of appellants' claims were not resolved. The trial court denied the motion to correct the docket on August 31, 1999.
Appellants filed a motion to vacate the August 18, 1999 joint stipulation. An affidavit of appellants' attorney, William Blake, stated that the Joint Stipulation was fraudulent because he did not give the attorneys for State Farm or the Ermidises any authority to make a settlement on behalf of appellants. The Civ.R. 60(B) motion was denied on September 28, 1999. A notice of appeal was filed on October 22, 1999.
Appellants did not have standing to file any motions subsequent to the time appellants settled and dismissed their claims. See In re Miamisburg Train Derailment Litigation (1993),92 Ohio App.3d 304, 316; Crownishield/Old Town Community UrbanRedev. Corp. v. Campeon Roofing Waterproofing, Inc. (1998),129 Ohio App.3d 819. The record does not show that appellants continue to have a present interest in the subject matter of the litigation or that they are aggrieved by the final order from which the appeal is taken. Id.
Accordingly, we dismiss this appeal for lack of standing.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO J., AND KILBANE, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE