DECISION.
Plaintiff-appellee, Star Bank, N.A., Trustee, filed a complaint against defendant-appellant, Theodore Jackson, Jr., on a cognovit note. That same day, the trial court journalized an agreed entry granting judgment in favor of the trustee and against Jackson for the unpaid principal of the note, plus interest.
The borrower on the note was Limestone Development, Inc. Jackson and Douglas Hendrickson were Limestone's only shareholders. Both executed the note on behalf of the corporation in their corporate capacities, and they also acted individually as co-signers. The lender on the note was Star Bank. The Kathryn Browning Hendrickson Revocable Trust, a trust in the name of Hendrickson's wife for which Star Bank was the trustee, was the guarantor of the note.
When Limestone, Hendrickson and Jackson defaulted on the note, Star Bank demanded payment from the trust as guarantor. In lieu of liquidating the trust assets, the trust took an assignment of the note for an amount equal to its unpaid principal and accrued interest. The trustee then filed suit against Jackson and obtained judgment.
Subsequently, Jackson filed a Civ.R. 60(B) motion for relief from judgment. In support of the motion, he submitted an affidavit in which he stated that he had been led to believe that the bank had no intention of ever seeking payment from him, and that his signature on the note was merely perfunctory. Jackson also claimed that the bank had not requested any of his personal financial information, and that he was never included in the negotiations. He further stated that the loan was based upon the Hendrickson family's ties to and substantial holdings with the bank. Further, in his business relationship with Hendrickson, Jackson had devoted his time, effort and skill, and Hendrickson had contributed his financial wherewithal. Hendrickson controlled all aspects of the loan, including the disbursements of the proceeds.
Jackson went on to state that, at the time he signed the note, he was unaware that Star Bank was involved in the transaction in two capacities, one as the lender and the other as trustee for Hendrickson's wife's trust, the guarantor. In fact, he did not know that the trust was the guarantor for the loan, and he maintained that, if he had known about the bank's dual role, he would have had severe reservations about signing the note because of the clear conflict of interest. Further, Jackson's attorney had attempted to obtain information from the bank about the outstanding balance on the note and what collateral the Hendrickson family had posted. Instead of responding to his inquires, the trustee filed suit without any notice to him and obtained a confession of judgment against him. He claimed that he did not know about the suit until judgment was entered against him.
The trial court overruled Jackson's motion for relief from judgment, and this appeal followed. In his sole assignment of error, Jackson states that the trial court erred in failing to grant him relief from the judgment on the cognovit note. He argues that he set forth operative facts showing that he had a meritorious defense and, therefore, that he was entitled to relief from judgment under the lesser standard used for judgments on cognovit notes. While we do find matters that concern us in this case, we ultimately conclude that the assignment of error is not well taken.
Generally, to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief on one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion has been made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The decision whether to grant relief from judgment lies within the discretion of the trial court. Society Natl. Bank v. Val HallaAthletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418,579 N.E.2d 234, 237; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103, 316 N.E.2d 469, 475.
By executing a cognovit provision in a note and allowing a confession of judgment, the maker of the note waives his or her rights to notice and a prejudgment hearing. D.H. Overmyer Co., Inc. of Ohio v. Frick Co.
(1972), 405 U.S. 174, 176-177, 92 S.Ct. 775, 777-778; Medina Supply Co.,Inc. v. Corrado (1996), 116 Ohio App.3d 847, 850, 689 N.E.2d 600, 603. Consequently, collateral attacks on cognovit judgments are liberally permitted, and the burden on the party moving for relief is "somewhat lessened." Society Natl. Bank, supra, at 418, 579 N.E.2d at 238; Meyersv. McGuire (1992), 80 Ohio App.3d 644, 646, 610 N.E.2d 542, 544; MadisonDesigns, Inc. v. Fifth Third Bank (May 1, 1998), Hamilton App. No. C-970181, unreported. Courts have dispensed with the requirement that the movant show grounds for relief under Civ.R. 60(B)((1) through (5), instead granting relief when the movant files a motion in a timely fashion and establishes that he or she has a meritorious defense. MedinaSupply Co., supra, at 850, 869 N.E.2d at 603; Meyers, supra, at 646,610 N.E.2d at 544; Madison Designs, supra. To establish a meritorious defense, the moving party need not submit evidence, but must specifically allege operative facts supporting the defense. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566; Elyria Twp. Bd.of Trustees v. Kerstetter (1993), 91 Ohio App.3d 599, 602, 632 N.E.2d 1376,1378.
The parties do not dispute that Jackson filed his motion in a timely manner. The question is whether he alleged sufficient operative facts to support a meritorious defense. Jackson first argues that he set forth operative facts showing that the parties never intended that he would be held liable on the note. He claims that he signed the note as an accommodation party, which raised a question of fact that must be determined from the surrounding facts and circumstances. Jackson's argument misapprehends the nature of an accommodation party.
A "maker" of a note is "a person who signs or is identified in a note as a person undertaking to pay." R.C. 1303.01(A)(7). A party's signature in the lower right corner of an instrument indicates that he or she intended to sign as a maker of the instrument. Glimcher v. Reinhorn
(1991), 68 Ohio App.3d 131, 135, 587 N.E.2d 462, 465; Huron Cty. BankingCo., N.A. v. Knalley (1984), 22 Ohio App.3d 110, 113, 489 N.E.2d 1049,1053; Rindfleisch v. Aft, Inc. (Oct. 30, 1997), Cuyahoga App. No. 71820, unreported. In this case, Jackson's signature appears in the lower right corner of the note. Thus, he is regarded as a maker and not as an indorser. See Glimcher, supra, at 135, 587 N.E.2d at 135; Huron Cty.Banking Co., supra, at 113, 489 N.E.2d at 1052. An individual signing a note as a co-maker with another individual is jointly and severally liable for the debt, except as otherwise provided in the instrument. R.C. 1303.14(A); Fed. Land Bank of Louisville v. Taggart (1987),31 Ohio St.3d 8, 10, 508 N.E.2d 152, 156; Darrah v. Leakas (Jan. 27, 1994), Franklin App. No. 93AP-952, unreported.
Further, unless displaced by particular provisions of the Uniform Commercial Code as adopted in the Revised Code, general principles of contract law apply to negotiable instruments. R.C. 1301.03; J.A.Industries, Inc. v. All American Plastics, Inc. (1999), 133 Ohio App.3d 76,83, 726 N.E.2d 1066, 1070. In the construction of any written agreement, a court's primary objective is to ascertain and give effect to the intent of the parties, which can be found in the language they have chosen to employ. Foster Wheeler Enviresponse, Inc. v. Franklin Cty.Convention Facilities Auth. (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519,526; Crowninshield/Old Town Comm. Urban Redevelopment Corp. v. CampeonRoofing Waterproofing, Inc. (1998), 129 Ohio App.3d 819, 823,719 N.E.2d 89, 92. The interpretation of a written agreement is, in the first instance, a matter of law for the court. If the writing is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties.Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,53, 544 N.E.2d 920, 923; Crowninshield, supra, at 823, 719 N.E.2d at 92.
In this case, the note states that "LIMESTONE DEVELOPMENT, INC. and all cosigners signing this Note (referred to in this Note individually and collectively as `Borrower') jointly and severally promise to pay to [the bank], or order, * * * the principal amount * * *." Thus, under the note's clear and unambiguous language, Jackson is jointly and severally liable on the note.
A party's status as a maker of a note does not preclude that party from also being an accommodation party. Glimcher, supra, at 135,587 N.E.2d at 464. A party signs as an accommodation party when "an instrument is issued for value given for the benefit of a party to the instrument and another party to the instrument signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument." R.C. 1303.59(A). An accommodation party may sign the instrument as maker, drawer, acceptor, or indorser and that party is liable to pay the instrument in the capacity in which he or she has signed. R.C. 1303.59(B).
Jackson correctly asserts that the issue of whether a party signs an instrument as an accommodation party generally presents a question of fact. Glimcher, supra, at 135-136, 587 N.E.2d at 465-466; Huron Cty.Banking Co., supra, at 114-115, 489 N.E.2d at 1054. However, even if Jackson is an accommodation party, as an accommodation maker, he is still obligated to pay the note according to its terms. He has only a few defenses against the holder, such as impairment of collateral, none of which he raised in the trial court. See Taggart, supra 10-12,508 N.E.2d at 155-156.
As an accommodation party, Jackson may have a right to recover against the other co-makers of the note. See R.C. 1303.59(E) ; Darrah, supra.
However, that right would be relevant in an action for contribution and indemnity against Limestone and Hendrickson; it is not a valid defense in an action by the holder to enforce the note. Consequently, Jackson is not entitled to relief from judgment on this basis.
Jackson next argues that because of Star Bank's fraudulent concealment of its dual status as the payee of the note and the trustee of the trust that guaranteed the note, the note was void and unenforceable. A person engages in fraudulent concealment or fraudulent nondisclosure only when that person fails to disclose material facts when a duty to speak exists. Layman v. Binns (1988), 35 Ohio St.3d 176, 178, 519 N.E.2d 642,644; Miles v. Perpetual Sav. Loan Co. (1979), 58 Ohio St.2d 97,99-100, 388 N.E.2d 1367, 1369.
The Ohio Supreme Court has held that "[o]rdinarily in business relationships where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated[.]" Therefore, neither party has a duty to disclose material information to the other in the absence of a fiduciary relationship between the parties. Blon v. Bank, One, Akron, N.A.
(1988), 35 Ohio St.3d 98, 101, 519 N.E.2d 363, 367; Salem v. CentralTrust Co., N.A. (1995), 102 Ohio App.3d 672, 677-678, 657 N.E.2d 827,831. The court has specifically held that the relationship of debtor and creditor, without more, is not a fiduciary one. Ed Schory Sons, Inc.v. Society Natl. Bank (1996), 75 Ohio St.3d 433, 442-443, 662 N.E.2d 1074,1081-1082; Blon, supra, at paragraph two of the syllabus.
The supreme court has never wavered from this position. In fact, in a case involving egregious fraud committed by a party associated with a lender, of which the lender was aware, this court held that special circumstances might create a duty to disclose by the lender. Williamsv. ITT Financial Serv. (June 25, 1997), Hamilton App. No. C-960234, unreported. Relying on Blon, supra, the supreme court unequivocally rejected that proposition. Williams v. Aetna Finance Co. (1998),83 Ohio St.3d 464, 474, 700 N.E.2d 859, 867.
The facts presented in Jackson's affidavit, if believed, present a peculiar situation. Jackson co-signed a loan even though Jackson's financial circumstances did not justify a loan of that magnitude. Instead, the loan was obtained due to the wealth and financial connections of Hendrickson and his family. When Limestone defaulted on the loan, the bank looked to Jackson, not to Hendrickson, the person with more resources, to pay the loan. The loan was guaranteed by Hendrickson's wife's trust, the trustee of which happened to be an employee of Star Bank, and after the default on the loan, the bank assigned the loan to the trust for collection against Jackson. Ultimately, then, Hendrickson's wife's trust sought to enforce against Jackson the provisions of a note that Hendrickson had co-signed with him. These circumstances, in our view, seem somewhat suspicious and perhaps hint at some impropriety by somebody involved in the transaction, and they may be relevant in an action for contribution and indemnity against Limestone and Hendrickson. However, the bank simply had no duty to disclose its dual capacity when Jackson signed the note, and, therefore, it could not have committed fraud. Since fraud was not a valid defense against the bank, it was not a valid defense against a subsequent holder of the note, which had the same rights as the bank. See R.C. 1303.22.
Jackson also relies upon R.C. 1303.35(A)(1)(c) (U.C.C. 3-305), which provides that the right of a party to enforce an instrument is subject to a defense of fraud "that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or essential terms." Jackson did not show that he was tricked into signing an instrument that he did not intend to sign, or that he had no reasonable opportunity to learn of the instrument's essential terms. See Official Comment to U.C.C. 3-305. The note clearly stated that all co-signers were liable to pay the instrument, and that judgment of confession could be taken against him. Further, if Jackson had alleged that the bank itself had told him that his signature on the note was merely perfunctory and that the bank had no intention of seeking payment from him, he might have alleged enough operative facts to support a defense of fraudulent inducement. However, his affidavit stated only that he "was led to believe" these things, presumably by Hendrickson, and that he was not involved in the negotiations with the bank. Under the circumstances, Jackson did not allege operative facts sufficient to support the defense of fraud against the bank.
Jackson also relies upon the "close connectedness" doctrine. Under this doctrine, a transferee does not take an instrument in good faith and is, therefore, not a holder in due course, when sufficient facts exist to indicate that the transferee, due to its unusually close relationship with the transferor, should have known of infirmities in the underlying transaction from which the instrument originated. Arcanum Natl. Bank v.Hessler (1982), 69 Ohio St.2d 549, 433 N.E.2d 204, paragraph three of the syllabus. Even if this doctrine applies, it simply means that the trust was not a holder in due course, and, therefore, that it did not take the instrument free from most defenses. See R.C. 1303.32 and 1303.35;Arcanum Natl. Bank, supra, at 551, 433 N.E.2d at 207-208; Star BankNatl. Assn. v. Cirrocumulus Ltd. Partnership (1997), 121 Ohio App.3d 731,746-747, 700 N.E.2d 918, 928. Therefore, Jackson would be able to assert any of the defenses in R.C. 1303.35 that could be asserted against a holder. However, Jackson failed to allege any operative facts supporting any of those defenses.
Finally, Jackson argues that the trial court should have granted relief from judgment because he presented operative facts showing that he was entitled to contribution and indemnity. He contends that the judgment against him was for the entire unpaid balance of the note, and that he should have only been ordered to pay his pro rata share of the outstanding debt. However, as a maker, he was obligated to pay the instrument according to its terms. Taggart, supra, at 10-11,508 N.E.2d at 155-156; Glimcher, supra, at 134, 587 N.E.2d at 465; Huron Cty.Banking Co., supra, at 113, 489 N.E.2d at 1053. Whether he is entitled to contribution or indemnity is irrelevant to the issue of his liability as a maker of the note, and it would not have been a meritorious defense in the action by the holder to enforce it. See Milstein v. Northeast OhioHarness (1986), 30 Ohio App.3d 248, 249, 507 N.E.2d 459, 461.
In sum, we hold that Jackson failed to present operative facts showing that he had a meritorious defense to present if relief from judgment were granted, and that the trial court did not abuse its discretion in overruling his Civ.R. 60(B) motion. Consequently, we overrule his assignment of error and affirm the trial court's judgment.
Sundermann and Winkler, JJ., concur.