[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellants' sole assignment of error upon our determination that the trial court properly entered summary judgment for the appellees on the appellants' complaint. See Civ.R. 56. Summary judgment was appropriate for the appellees on the appellants' tortious-interference claim, when the appellants failed to present, in opposition to the appellees' motion for summary judgment, evidence of improper conduct on the part of the appellees that might be said to have caused any of the named health-care providers or institutions to decline or to discontinue a contractual or business relationship with the appellants. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 274 (when a movant has sought summary judgment on the ground that the nonmoving party cannot prove its case and has supported the motion as provided in Civ.R. 56, Civ.R. 56[E] imposes upon the nonmoving party the burden of demonstrating that genuine issues of material fact remain on the essential elements of the claim); Dryden v.Cincinnati Bell Tel. Co. (1999), 135 Ohio App.3d 394, 400, 734 N.E.2d 409,413-414 (citing Restatement of the Law 2d, Torts [1979], Sections 766-767, to hold that a tortious-interference claim requires proof that the defendant intentionally and improperly interfered with the plaintiff's contractual or business relationship with a third person, either by causing the third person not to enter into or continue the relationship or by preventing the plaintiff from acquiring or continuing the relationship). In turn, summary judgment was appropriate for the appellees on the appellants' claim for civil conspiracy, when the unsustainable tortious-interference claim provided the predicate for the conspiracy claim. See Wolfer Ent., Inc. v. Overbrook Dev. Corp. (1999),132 Ohio App.3d 353, 724 N.E.2d 1251 (plaintiff's civil-conspiracy claim required proof of an underlying unlawful act and thus fell with the substantive claims for relief upon which the conspiracy claim was based).
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.