[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, Lawrence B. Reams, filed a complaint against defendants-appellants, Agner Industries, L.L.C ("Agner") and Agner Industries, L.L.C., dba Wotan Automation International ("Wotan"). In his complaint Reams set forth claims for breach of contract, unjust enrichment and quantum meruit. The trial court granted summary judgment in favor of Reams on all claims without stating its reasons.
In their sole assignment of error, Agner and Wotan contend that the trial court erred in granting summary judgment in favor of Reams. We agree. Genuine issues of fact exist as to whether Wotan was liable as a successor in interest to Agner. See Welco Indus., Inc. v. AppliedCompanies, 67 Ohio St.3d 344, 1993-Ohio-191, 617 N.E.2d 1129; KuempelServ., Inc. v. Zofko (1996), 109 Ohio App.3d 591, 672 N.E.2d 1026; Erdyv. Columbus Paraprofessional Inst. (1991), 74 Ohio App.3d 462,599 N.E.2d 338; Holzman v. Fifth Third Bank (Apr. 30, 1999), 1st Dist. No. C-980546. The cases cited by Reams are not persuasive because they involve a statute regarding successor liability specific to workers' compensation cases. See State ex rel. Crosset Co., Inc. v. Conrad,87 Ohio St.3d 467, 2000-Ohio-464, 721 N.E.2d 986; State ex rel. Lake ErieConstr. Co. v. Indus. Comm. (1991), 62 Ohio St.3d 81, 578 N.E.2d 458.
Wotan contends that it was not properly named as a defendant and therefore that the action was not properly commenced against it because Reams named as a defendant "Agner Industries, L.L.C, dba Wotan Automation International," when Wotan was a separate entity from Agner. This is not a case where the plaintiff sued a fictitious entity, as in Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573, 589 N.E.2d 1306, on which Wotan relies. See Siemon v. Combs (June 3, 1994), 2nd Dist. No. 14248. "Wotan Automation International" is a legal entity that can be sued, and those words were used in the complaint. Wotan was represented by counsel, had notice of the suit, and failed to timely raise the issue. The defect was purely technical and did not prejudice Wotan. Consequently, we reject Wotan's argument that the judgment against it was void. See Fields v.Dailey (1990), 68 Ohio App.3d 33, 587 N.E.2d 400; Family MedicineFoundation, Inc. v. Bright (June 28, 2001), 10th Dist. No. 00AP-1476.
Further, genuine issues of fact exist as to the merits of the issues raised in Reams's complaint. Construing the evidence most strongly in Agner and Wotan's favor, reasonable minds could reach different conclusions on the allegations contained in the complaint. Consequently, we hold that Reams was not entitled to judgment as a matter of law, and the trial court erred in granting his motion for summary judgment. SeeDavis v. Loopco Indus., Inc., 66 Ohio St.3d 64, 1993-Ohio-195,609 N.E.2d 144; Wolfer Enterprises, Inc. v. Overbrook Dev. Corp. (1999),132 Ohio App.3d 353, 724 N.E.2d 1251; Crowninshield/Old Town CommunityRedev. Corp. v. Campeon Roofing Waterproofing, Inc. (1998),129 Ohio App.3d 819, 719 N.E.2d 89; Long v. Commodore Bank (Jan. 15, 2002), 5th Dist. No. 01-CA-14, 2000-Ohio-252; Brose v. Bartlemay (Apr. 16, 1997), 1st Dist. No. C-960423. We sustain Agner and Wotan's assignment of error, reverse the trial court's judgment and remand the matter for further proceedings consistent with this entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.