**POOL, Appellant,**

v.

**INSIGNIA RESIDENTIAL GROUP, Appellee.**

[Cite as *Pool v. Insignia Residential Group* (1999), 136 Ohio App.3d 266.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990122.

Decided Dec. 10, 1999.

*Stephen R. Felson* and *Leonard Egan,* for appellant.

*Robert Pitcairn, Jr., Wijdan Jreisat,* and *Katz, Teller, Brant & Hild,* for appellee.

*Per Curiam.*

Plaintiff-appellant Larry Pool entered into a lease with defendant-appellee Insignia Residential Group ("Insignia" ) to rent an apartment for a term of three months.[1]  The base rent was $609 per month, but under the terms of the lease $130 was added for each month, $100 because of the short term of the lease and $30 as a pet fee.  As a result, Pool's monthly rent payment amounted to $739.  Prior to moving into the apartment, Pool paid a $200 security deposit as required by paragraph 3(a) of the lease, plus another $200 for two pets as required by paragraph 4 of the lease.  The lease provided the following:

"2.  *Rent.*  Resident shall pay to Management the sum of *seven hundred thirty nine dollars ($ pet 30.00 mtm 100.00 rent 609.00)* per month * * *.  3.  (a) *Security Deposit.*  In addition to the first monthly rental payment, Resident has this date deposited with Management the sum of *two hundred dollars ($200.00),* the receipt of which is hereby acknowledged, as security to Management for the performance by Resident of certain obligations and undertaking required of Resident under this lease.  * * *

"4.  *Pets.*  If Resident owns a pet which will be kept on the Premises, Resident shall obtain the written consent of Management with respect thereto and has paid a ☐ refundable pet deposit ☐ non-refundable pet fee to Management in the amount of *50lb limit 200/100 refundable + 15.00 per month per pet.*  Any damages incurred to the Premises above and beyond such amount shall be charged to Resident.  In the event Resident's pet becomes a nuisance to Management or to other residents, Management may, in its sole discretion, require the pet to be removed from the Premises."

At the termination of the lease, Insignia assessed the damages to the apartment.  After deducting $300, which was apparently a combination of the $200 security deposit and the refundable portion of the pet deposit, Insignia informed Pool that he still owed $275 for damages to the apartment.  Pool refused to pay the damages and filed a class-action suit against Insignia in April 1998.  Pool alleged that Insignia's lease violated R.C. 5321.16(B), which states:

"Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement."

---

1.  This cause has *sua sponte* been removed from the accelerated calendar.

In his complaint, Pool sought a determination that the action was a proper class action, a "declaration that the provisions for nonrefundable deposits, payments and fees in Defendant's residential leases are unenforceable," a refund for the $30–per–month pet fee and the $100 nonrefundable pet charge, additional damages as provided under the statute, attorney fees and costs, an injunction, and other relief deemed appropriate by the court.

Subsequently, Insignia filed a motion for judgment on the pleadings, alleging that R.C. 5321.16(B) does not prohibit charging a nonrefundable fee or additional rent, because these charges are not security deposits covered under R.C. 5321.16(B). As a result, Insignia asserted that the terms of the lease were unambiguous and should be enforced.

In response, Pool filed a motion for partial summary judgment as to liability only, conceding that there were no factual issues in dispute. Specifically, Pool requested that the trial court "decide, as a matter of law, that all nonrefundable deposits, payments and fees made by Mr. Pool to Insignia should be refunded, or, alternatively, that Mr. Pool should be credited with all such amounts." He claimed, as a matter of law, that the pet fees and deposits violated R.C. 5321.16(B).

On September 23, 1996, the trial court granted Insignia's motion for judgment on the pleadings, determining that there was no statutory violation because the "clear and unambiguous terms of the contract do not entitle the Plaintiff to the return of any non-refundable deposits, payments or fees." Specifically, the trial court found that the lease unambiguously stated the following: (1) that the security deposit was $200, (2) that the $30–per–month pet charge was imposed under paragraph 2 of the lease and a pet fee paid as rent, and (3) that the nonrefundable $100 pet charge imposed under paragraph 4 of the lease was not intended as a security deposit because it was not contained within the security-deposit clause. As a result, the trial court concluded that no statutory violation existed because the nonrefundable pet charge and the $30–per–month pet fee were not security deposits as contemplated under the statute. On the basis of this conclusion, the trial court overruled Pool's motion for partial summary judgment.

Pool's singular assignment of error is that the trial court erred in granting judgment on the pleadings and in denying his motion for partial summary judgment. We agree in part.

The issue in this case centers on whether certain pet fees should have been construed as a security deposit subject to R.C. Chapter 5321. Basically, Pool contends that the $30–per–month pet fee and the nonrefundable $100 pet fee paid under the lease were part of the security deposit.

■ Ohio courts recognize the inherent contractual nature of lease agreements and apply traditional contract principles when interpreting their provisions.[2] In construing the provisions of a contract, the court must determine the intent of the parties at the time the contract was made and give effect to the parties' intentions, which are presumed to reside in the plain language of the contract.[3] When the terms of the contract are clear and unambiguous, courts may not create a new contract by finding intent not expressed in those terms.[4]

■ In determining the contractual intent behind the $30–per–month pet fee, we look to paragraph 2 of the lease. The plain meaning expressed in paragraph 2 is that the fee was intended as additional rent, which cannot, as a matter of law, properly be considered a security deposit.[5] As a result, we hold that the $30–per–month pet fee was not, as a matter of law, part of the security deposit.

Next, we look to the contractual intent behind the nonrefundable $100 pet fee. Paragraph 4 of the lease requires payment for keeping a pet on the premises, which is over and above the additional monthly rent and in addition to the $200 security deposit required under paragraph 3(a). Under the terms of the lease, only one-half of the payment is refundable. Although Insignia maintains that a "non-refundable pet fee" is not subject to R.C. 5321.16(B) because it is not a security deposit, we disagree.

■ R.C. 5321.01(E) provides that a security deposit is "any deposit of money or property to secure performance by the tenant under a rental agreement." The intent behind the Landlord–Tenant Act was to ensure equitable dealings between landlords and tenants due to the greater power traditionally held by the landlord.[6] Specifically, the Supreme Court of Ohio identified the intent behind R.C. 5321.16(B) and (C) as:

"One, to specifically permit the landlord, upon termination of the rental agreement, to deduct from the rental deposit any unpaid rents and actual

---

2. See *Timber Ridge Investments Ltd. v. Marcus* (1995), 107 Ohio App.3d 174, 178, 667 N.E.2d 1283, 1285; *Brady v. K & R Industries, Inc.* (Dec. 13, 1989), Hamilton App. No. C–880641, unreported, 1989 WL 149664.

3. See *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920, 923; *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus.

4. See *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 245–246, 7 O.O.3d 403, 374 N.E.2d 146, 150.

5. See *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 348, 604 N.E.2d 808, 813.

6. See *Vardeman v. Llewellyn* (1985), 17 Ohio St.3d 24, 28, 17 OBR 20, 476 N.E.2d 1038, 1041.

damages to the premises occasioned by the tenant. Two, to require prompt refunds of all or part of the security deposit or, in the alternative, to provide an explanation to the tenant why all or any part of the deposit was not returned to him. And, three, to provide a penalty by way of damages and reasonable attorney fees against a noncomplying landlord for the wrongful withholding of any or all of the security deposit." [7]

As a result, we hold that where a pet deposit or pet fee is given to secure performance by the tenant under the lease, it may be considered a security deposit subject to the provisions of R.C. Chapter 5321 and applicable case law.

Having determined that a pet deposit may be subject to R.C. 5321.16(B), we now address the propriety of the trial court's decision to grant Insignia's motion for judgment on the pleadings and to deny Pool's motion for partial summary judgment. A trial court may grant a dismissal under Civ.R. 12(C) where it concludes, after construing all material factual allegations in the complaint and all reasonable inferences arising therefrom in plaintiff's favor, that the plaintiff can prove no set of facts entitling him to relief.[8] A motion for summary judgment may be granted where the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that (1) there is no genuine issue as to any material fact, (2) the movant is entitled to a judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party.[9]

We conclude, with respect to the issues concerning the nonrefundable pet fee, that the trial court improvidently dismissed the case pursuant to Civ.R. 12(C), because the pleadings and the reasonable inferences permitted by them provided a sufficient factual basis for a finding that the $100 "non-refundable pet fee" was a security deposit subject to the provisions of R.C. 5321.16(B). Specifically, it could be said from paragraph 4 of the lease (which was attached to the complaint) that Pool paid a $200 pet charge to secure his performance,[10] and that

---

7. *Id.* at 28, 17 OBR at 24, 476 N.E.2d at 1041–1042.

8. See *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936.

9. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 639 N.E.2d 1189; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

10. Although the lease does not specifically state that the pet fee was paid to "secure performance," it is clear from the second sentence of the pet clause that the payment was intended to secure Pool's performance against damage caused by his pets.

only one-half of that deposit was credited to Pool. Accordingly, we conclude that the trial court improvidently awarded Insignia's motion for judgment on the pleadings.

Further, we conclude that the trial court erred in denying Pool's motion for partial summary judgment as it related to the $100 nonrefundable pet fee because, as we have already discussed, that fee was actually paid as a security deposit. Accordingly, we hold that the trial court should have granted partial summary judgment relating to the issue of the $100 nonrefundable pet fee. As for the $30–per–month pet fee, however, we hold that the trial court did not err in refusing to grant partial summary judgment because, by law, additional rent is not a security deposit subject to the provisions of R.C. 5321.16(B).

In sum, we reverse the trial court's judgment only insofar as it pertains to Pool's claim concerning the nonrefundable pet fee, and this cause is remanded for a redetermination of the amount properly credited to Pool as a security deposit in accordance with the terms of this decision and for the entry of judgment on the remaining issues thereby affected.

*Judgment affirmed in part*
*and reversed in part*
*and cause remanded.*

DOAN, P.J., SUNDERMANN and WINKLER, JJ., concur.