DECISION.
Plaintiff-appellant Larry Pool leased an apartment from defendant-appellee Insignia Residential Group ("Insignia") for a term of three months. The base rent was $609 per month, but pursuant to the lease an additional $130 was due monthly, $100 because of the short-term nature of the lease, and $30 as a fee for Pool's two pets. Pool was also required to pay a $200 security deposit under paragraph 3(a) of the lease, and an additional $200 fee for his two pets as required by paragraph 4 of the lease, $100 of which was designated as refundable and $100 of which was designated as nonrefundable. Paragraph 4 of the lease provided as follows:
 Pets. If Resident owns a pet which will be kept on the Premises, Resident shall obtain the written consent of Management with respect thereto and has paid a 
refundable pet deposit nonrefundable pet fee to Management in the amount of 50lb limit 200/100 refundable + 15.00 per month per pet. Any damages incurred to the Premises above and beyond such amount shall be charged to Resident. In the event Resident's pet becomes a nuisance to Management or to other residents, Management may, in its sole discretion, require the pet to be removed from the Premises.
 At the termination of the lease, Insignia itemized and assessed damages to the apartment. After deducting $300, $200 of which was the security deposit and $100 the refundable pet deposit, Insignia informed Pool that he owed $275 for damages to the apartment. Pool refused to pay damages.
Pool filed a class-action lawsuit against Insignia, alleging that Insignia's lease violated R.C. 5321.16(B), which provides as follows:
 Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05
of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after the termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
 Pool sought a determination that the action was a proper class action, a "declaration that the provisions for nonrefundable deposits, payments and fees in [Insignia's] residential leases are unenforceable," a refund of the $30-per-month pet fee and the $100 nonrefundable pet charge, additional statutory damages, attorney fees and costs, and other appropriate relief.
Insignia filed a motion for judgment on the pleadings on the basis that R.C. 5321.16(B) did not prohibit charging a nonrefundable fee or additional rent, because those charges were not "security deposits." Insignia also filed a counterclaim for the additional amount due for the damage to the apartment. Pool filed a motion for partial summary judgment as to liability. Pool requested that the trial court determine as a matter of law that all "nonrefundable deposits, payments and fees" paid by him to Insignia had to be refunded, or, in the alternative, that he had to be credited with those amounts in assessing the amount due for damage to the apartment. Pool also alleged that the pet fees and deposits violated R.C. 5321.16(B).
The trial court granted Insignia's motion for judgment on the pleadings, determining that there was no statutory violation because the amounts charged did not constitute "security deposits" pursuant to R.C.5321.16(B). Further, the court determined that the "clear and unambiguous terms" of the lease did not "entitle [Pool] to the return of any nonrefundable deposits, payments, or fees."
Prior to filing an appeal, Pool paid Insignia the amount of its counterclaim with interest. On appeal, this court held that the trial court did not err in refusing to grant Pool's motion for partial summary judgment as to the $30 monthly pet fee, because it was "additional rent" and not a security deposit. This court further held that the trial court erred in failing to grant Pool partial summary judgment as to the $100 nonrefundable pet fee, because the fee was actually paid as a security deposit and was, therefore, subject to the provisions of R.C. 5321.16(B). The cause was remanded for a "redetermination of the amount properly credited to Pool as a security deposit in accordance with the terms of this decision and for the entry of judgment on the remaining issues thereby affected." See Pool v. Insignia Residential Group (1999),136 Ohio App.3d 266, 736 N.E.2d 507.
 Upon remand, Pool sought to certify the following class pursuant to Civ.R. 23:
 All persons who leased rental units in Ohio from April 14, 1992, to the present, which were managed by Insignia Residential Group, L.P. (now known as AIMCO Residential Group, L.P.), where that company's principal was either fictitious, undisclosed, or partially disclosed and where the lease provided for a nonrefundable deposit, payment, or fee.
 The trial court denied Pool's motion to certify the class action, determining that "the questions that [were] common to all the members of the class [did] not predominate over questions affecting the members as individuals" and that "[a] class-action lawsuit [was] not the clearly superior method for putative class members to effectuate justice."
Insignia tendered a check to Pool in the amount of $134.70, which constituted "an additional credit of $100" plus interest at the statutory rate. Both parties filed motions for summary judgment on the remaining issues, including whether Pool was entitled to double damages and attorney fees under R.C. 5321.16(B) and (C). The trial court granted Insignia's motion for summary judgment and denied Pool's motion, with the exception that Pool was awarded $100 with interest of ten percent per annum for the period of January 25, 1999, through November 28, 2000.
Pool has appealed, raising two assignments of error for our review. The first assignment of error alleges that the trial court erred in denying Pool's motion for class certification.
 A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of that discretion.
 Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200, 509 N.E.2d 1249, syllabus. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142. Due deference must be given to the trial court's decision. See Marks v. C.P. Chemical Co., Inc., supra, at 201, 509 N.E.2d at 1252.
 It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made. A finding of an abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously.
 Id.
In Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67,694 N.E.2d 442, the Ohio Supreme Court, citing Warner v. Waste Mgt.,Inc. (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091, set forth seven requirements that must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.
The trial court determined that Pool had satisfied all of the prerequisites of Civ.R. 23(A). Turning to Civ.R. 23(B), Pool requested certification pursuant to Civ.R. 23(B)(3), which provides, in part, as follows:
 (B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
* * *
 (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
 To determine whether common questions of law or fact predominate over individual issues, "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication." Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310, 313, 473 N.E.2d 822, 825. "Whether a class action is the superior method of adjudication requires a comparative evaluation of other available procedures to determine if the judicial time and energy involved would be justified." Hinkston v. The Finance Co. (May 12, 2000), Hamilton App. No. C-980972, unreported, citing Schmidt v. Avco Corp., supra.
In examining the Civ.R. 23(B)(3) requirements in the instant case, the trial court determined that the questions common to the class did not predominate over the questions affecting the individual members, and that a class action was not superior to other methods for the fair and efficient adjudication of the controversy. The trial court found that separate adjudications would be required for each individual as to whether the language in each lease was the same as the language in Pool's lease, whether each individual had provided Insignia with written notice of a forwarding address, whether the statute of limitations applied to bar recovery, and whether each individual was entitled to a refund, and, if so, the amount due based upon separate damage calculations in each case. The trial court determined that "the material before the court shows that each individual member may have unique issues that are not subverted to the common issues of all class members." The court pointed out that making a determination for each individual as to the amount properly credited as a security deposit less any damages would require a hearing for each individual and would "tremendously burden and tax the court's resources."
Following a review of the record, we hold that the trial court did not abuse its discretion in refusing to certify the class action due to the presence of individual issues that clearly predominated over the common questions of law and fact. The record fully supports the trial court's determination that, under the circumstances of this case, the disadvantages of the complexity of the litigation outweighed the advantages of common treatment. As the Ohio Supreme Court stated inSchmidt v. Avco Corp, supra, at 315-316, 473 N.E.2d at 826,
 Here, where individual rather than common issues predominate, the economics of time, effort, and expense and the efficiency of class action treatment are lost, and the need for judicial supervision and the risk of confusion are magnified. Under such circumstances, a class action is clearly inappropriate.
The first assignment of error is overruled.
Pool's second assignment of error alleges that the trial court erred in denying his motion for summary judgment and in granting Insignia's motion for summary judgment. Pool argues that he was entitled to double damages and attorney fees under R.C. 5321.16(C), which provides as follows:
 If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees.
 In interpreting R.C. 5321.16, the Ohio Supreme Court has stated,
 [We] hold that the terms "amount due" in subsection (B) and "money due" in subsection (C) mean the security deposit, less any amounts found to be properly deducted by the landlord for unpaid rent and damages to the rental premises pursuant to R.C. 5321.16(B) or pursuant to the rental agreement. In accordance therewith, we hold that the term "amount wrongfully withheld" means the amount found owing from the landlord to the tenant over and above any deduction that the landlord may lawfully make.
* * *
 [W]here the trial court finds that the landlord has properly withheld the portion of the security deposit in question, it is reasonable to conclude that the tenant has not been damaged and may claim neither the double damages * * * nor the attorney fees as set forth in R.C. 5321.16(C).
 Vardeman v. Llewellyn (1985), 17 Ohio St.3d 24, 28-29,476 N.E.2d 1038, 1042. We held in the first appeal that Pool was entitled to an additional credit of $100 at the termination of his tenancy because the nonrefundable pet fee was part of the security deposit. Even with the $100 credit, Pool would not have been entitled to a refund of any part of his security deposit. In fact, Pool was liable to pay Insignia $175 for damage to the apartment. Insignia did not wrongfully withhold any portion of Pool's security deposit. Therefore, Pool was not entitled to double damages or attorney fees pursuant to R.C. 5321.16(C). The second assignment of error is overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.