[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendants-appellants, William Banker and Spring Grove Associates, Inc., (collectively "Banker") appeal a judgment entered in favor of plaintiff-appellee, Special Directory Distribution Services, Inc. ("SSDS"). Following a bench trial, the trial court awarded SSDS compensatory and punitive damages for fraudulent inducement relating to a lease agreement.
Banker presents four assignments of error for review. In his first assignment of error, he contends that the trial court erred in failing to enforce the plain meaning of the lease. He argues that the plain and unambiguous language of the lease placed the responsibility for obtaining an occupancy permit upon SSDS. This assignment of error is not well taken.
Lease agreements are contracts and traditional contract principles apply when courts interpret lease provisions. Pool v. Insignia ResidentialGroup (1999), 136 Ohio App.3d 266, 736 N.E.2d 507. A contract induced by fraud is voidable at the will of the defrauded party. Haller v. BorrorCorp. (1990), 50 Ohio St.3d 10, 552 N.E.2d 207; Picklesimer v. Baltimore Ohio RR. Co. (1949), 151 Ohio St. 1, 84 N.E. 214; Parmlee v. Adoph
(1875), 28 Ohio St. 10.
The trial court specifically found that Banker did not inform SDDS of the city of Cincinnati's "order to vacate the building, that he could not lawfully rent space therein, that there were pending charges against him for building and fire code violations, or that it would be necessary for SDDS to obtain an occupancy permit from the city building authorities in order to occupy the leased premises." The court further found that SDDS relied upon Banker's misrepresentations that the building was available for lease and that the space would be cleared of clutter and ready for use by SDDS on its move-in date. Competent, credible evidence supported these findings, and, therefore, this court will not disturb them. SeeSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273;C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
Consequently, the evidence showed that Banker fraudulently induced SDDS to enter into the lease agreement. See ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, 692 N.E.2d 574. The lease was therefore voidable at the option of SDDS. It is irrelevant then whether the specific provisions of the lease were clear and unambiguous, and the trial court did not err in failing to enforce the terms of the lease. Accordingly, we overrule Banker's first assignment of error.
In his second assignment of error, Banker contends that the trial court erred in awarding compensatory damages over and above the amount of the claimed loss. He claims that expenses for a television and videocassette recorder, office supplies and adding machines, which SDDS purchased to set up a satellite office after it had vacated Banker's warehouse space, were not properly included in the damages assessed by the trial court because they remained in SDDS's inventory and were available for SDDS's continued use. This assignment of error is not well taken.
On review of a damage award, an appellate court must not reweigh the evidence and may not disturb an award of damages unless it is not supported by any competent, credible evidence. Bemmes v. Public Emp.Retirement Syst. (1995), 102 Ohio App.3d 782, 658 N.E.2d 31. The evidence at trial showed that one of the reasons SDDS had leased space in Banker's building was because of its central location. When SDDS could not use the space in the building, it leased space in Fairfield, Ohio. However, it had difficulty attracting the temporary workers it needed to carry on its business of distributing telephone books to that location. Therefore, it opened a satellite office that was more centrally located, and it had to expend additional funds to equip that office. Those expenses were the direct result of Banker's fraudulent inducement.
The trial court's award of those expenses was necessary to make SDDS whole and to place it in the position it would have been in had Banker not fraudulently induced it to enter into the lease agreement. Therefore, they were properly included in the total damage award. SeePryor v. Webber (1970), 23 Ohio St.2d 104, 263 N.E.2d 235; Bemmes,supra. We overrule Banker's second assignment of error.
In his third assignment of error, Banker contends that the trial court erred in awarding punitive damages. He contends that punitive damages are not proper in a breach-of-contract case. However, the trial court found that Banker had committed fraud, a finding that was supported by competent, credible evidence. See Seasons Coal, supra; C.E. Morris,supra. Ohio courts have long allowed an award of punitive damages in cases involving fraud. Preston v. Murty (1987), 32 Ohio St.3d 334,512 N.E.2d 1174; Columbus Finance, Inc. v. Howard (1975),42 Ohio St.2d 178, 327 n.E.2d 654. Accordingly, the trial court's award of punitive damages was proper, and we overrule Banker's third assignment of error.
In his fourth assignment of error, Banker contends that the trial court's decision was against the manifest weight of the evidence. Essentially, he is rearguing the issues he raised in his first assignment of error. As we have previously stated, however, the trial court's findings of fact were supported by competent, credible evidence. Therefore, this court will not reverse them as being against the manifest weight of the evidence. See Seasons Coal, supra; C.E. Morris, supra. Accordingly, we overrule Banker's fourth assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.