[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Susan Clark and Nicole Staun, filed a class-action complaint against their former landlord, defendant-appellee Towne Properties Asset Management Company, seeking, among other things, the return of a fifty-dollar pet charge imposed under the lease. Towne Properties filed a counterclaim for damages to the leased premises over the amount of the security deposit. Both parties filed motions for partial summary judgment on the pet-charge claim and for summary judgment on the Towne Properties's counterclaim. The trial court denied appellants' motion and granted summary judgment in favor of Towne Properties on the pet charge claim and on its counterclaim for damages. This appeal followed.
As a preliminary matter, we note that although the parties filed a motion for partial summary judgment on the pet charge claim, the other issues raised in appellants' complaint related to the amount of damages owed by appellants to the landlord. Therefore, the trial court's entry of summary judgment for Towne Properties on its counterclaim effectively resolved all the issues relating to damages. Therefore, the trial court's judgment adjudicated the rights and liabilities of all the parties, and it was a final, appealable order. See Noble v. Colwell (1989),44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus; Worley v. Cincinnati (Aug. 25, 2000), Hamilton App. No. C-990506, unreported.
Appellants present two assignments of error for review. In their first assignment of error, they contend that the trial court erred in granting Towne Properties's motions for summary judgment. In their second assignment of error, they contend that the trial court erred in denying their motion for summary judgment on the pet-charge claim. Because they raise the same arguments under both assignments of error, we consider them together. We hold that they are not well taken.
First, appellants argue that the pet charge under the lease was a nonrefundable pet deposit, which, under this court's decision in Pool v.Insignia Residential Group (1999), 136 Ohio App.3d 266, 736 N.E.2d 2d 507, constituted a security deposit as defined in R.C. 5321.01(E), which the landlord could only withhold at the close of the tenancy upon itemization of rent owing or damage over and above normal wear and tear. We hold that Pool is distinguishable and does not mandate a reversal of the trial court's judgment as to the pet-charge claim in the present case.
In Pool, we held that "where a pet deposit or pet fee is given to secure performance by the tenant under the lease, it may be considered a security deposit subject to the provisions of R.C. Chapter 5321 and applicable case law." Id. at 271, 736 N.E.2d at 510. In that case, the lease stated,
 Pets. If Resident owns a pet which will be kept on the Premises, Resident shall obtain the written consent of Management with respect thereto and has paid a 
refundable pet deposit nonrefundable pet fee to Management in the amount of 50lb limit 200/100 refundable + 15.00 per month per pet. Any damages incurred above and beyond such amount shall be charged to Resident. * * *
 Id. at 268, 736 N.E.2d at 508.
We held that the trial court in that case improperly granted the landlord's motion for summary judgment on the pleadings and that the reasonable inferences permitted by the pleadings provided a sufficient factual basis for a finding that the one-hundred-dollar "non-refundable pet fee" was a security deposit. Specifically, the lease supported the inference that the tenant had paid a two-hundred-dollar pet charge to secure his performance and that only one-half of that deposit was credited to him. We stated that "[a]lthough the lease does not specifically state that the pet fee was paid to `secure performance,' it is clear from the second sentence of the pet clause that the payment was intended to secure Pool's performance against damage cause by his pets."Id. at 271, 736 N.E.2d 511, fn. 10.
The heart of our decision in Pool was that leases are contractual agreements and that courts should apply traditional contract principles in interpreting their provisions. Id. at 270, 736 N.E.2d at 509. In construing the provisions of a contract, a court must determine and give effect the parties' intent in making the contract, which can be found in the language they chose to employ. Foster Wheeler Enviresponse, Inc. v.Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353,361, 678 N.E.2d 2d 519, 526; Pool, supra, at 270, 736 N.E.2d at 509. If the terms of a written agreement are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. Community Mut.Ins. Co. (1989), 46 Ohio St.3d 51, 544 N.E.2d 920, 923; Pool, supra, at 270, 736 N.E.2d at 509-510.
 In the present case, in the section entitled "Pets[,]" the lease stated,
 Except as provided in this Section, no dog, cat or other pet are to be kept in your apartment.
 We agree that you may keep the following pets in your apartment: 2 cats. * * * You understand that your rent has been increased by $20.00 per month per pet, and you have paid a nonrefundable, one time pet charge of $50.00 upon the signing of this Lease and you will also be liable for the cost of any damage done by the pets. The additional rent and one time charge mentioned in this Section will not apply as a credit on those costs. [Emphasis added.]
 While the lease in Pool stated that the tenant would be liable for damages above and beyond the pet fee, the lease in this case specifically stated that the pet charge would not be applied to any damage caused by a pet. The plain language of the lease makes clear that the pet charge was a fee that a prospective tenant had to pay for the landlord to modify its policy of not allowing pets. Thus, the plain, unambiguous language of the lease specifically provided that the pet charge was not to secure the tenant's performance under the lease. Therefore, it was not a security deposit as defined in R.C. 5321.01(E).
We find no issues of material fact. Construing the evidence most strongly in appellants' favor, we hold that reasonable minds could come to but one conclusion that the pet charge was not a security deposit. Towne Properties was entitled to judgment as a matter of law, and, therefore, the trial court did not err in granting summary judgment in its favor on the pet-charge claim. See Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47; Crowninshield/OldTown Comm. Urban Redev. Corp. v. Campeon Roofing Waterproofing, Inc. (1998), 129 Ohio App.3d 819, 824, 719 N.E.2d 89, 93.
We reach a different result, however, on the trial court's decision to grant summary judgment on Towne Properties's' counterclaim. In its judgment entry, the trial court merely granted Town Properties's motion for summary judgment and overruled appellants' motion without awarding an amount of damages. Our review of the record shows that the amount of damages owed by appellants was in dispute and that material issues of fact existed as to the proper amount of damages. Accordingly, the trial court erred in granting Towne Properties's motion for summary judgment on its counterclaim. See Stinespring v. Natorp Garden Stores, Inc. (1998),127 Ohio App.3d 213, 215-217, 711 N.E.2d 1104, 1106-1107.
Accordingly, the trial court's judgment is affirmed in part and reversed in part. We affirm the summary judgment entered in favor of Town Properties on the pet-charge claim. We reverse the summary judgment award on Towne Properties's counterclaim and remand this case for a factual determination of the amount of damages, if any, owed by appellants.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.