[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Anton Neumayr filed a class-action complaint against his former landlord, defendant-appellee Forest Ridge Apartments ("Forest Ridge"), seeking, among other things, the return of a "nonrefundable" $300 pet charge imposed pursuant to a "pet deposit/agreement." The trial court granted summary judgment in favor of Forest Ridge.
 {¶ 3} Neumayr's two assignments of error, which allege that the trial court erred in granting Forest Ridge's motion for summary judgment and in overruling Neumayr's motion for partial summary judgment, are overruled.
 {¶ 4} Leases are contractual agreements, and courts should apply traditional contract principles in interpreting their provisions. SeePool v. Insignia Residential Group (1999), 136 Ohio App.3d 266,736 N.E.2d 507. A court must determine and give effect to the intent of the parties in construing the provisions of a contract. See id.; FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,78 Ohio St.3d 353, 1997-Ohio-202, 678 N.E.2d 519. The parties' intent can be found in the language that they chose to use. See id. Where the terms of a written agreement are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. See Aultman Hosp. Assn. v. Community Mut.Ins. Co. (1989), 46 Ohio St.3d 51, 544 N.E.2d 920; Pool v. InsigniaResidential Group, supra.
 {¶ 5} The plain and unambiguous language of the "pet deposit/agreement" makes clear that the pet charge was a nonrefundable fee that a prospective tenant had to pay for the landlord to modify its no-pet policy. The agreement specifically provided that, in addition to paying the pet charge, "[the tenants] also agree to take full responsibility for any damages the pet may create to the premises." There was no provision evidencing an intent on the part of the parties to deduct potential damages from the pet charge. The pet charge was not intended to secure the performance of the tenants. Therefore, it was not a security deposit as defined in R.C. 5321.01(E).
 {¶ 6} We hold that Forest Ridge was entitled to judgment as a matter of law because reasonable minds could only conclude that the pet charge was not a security deposit. Therefore, the trial court did not err in granting summary judgment in Forest Ridge's favor on the pet-charge claim. See Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,375 N.E.2d 46; Crowinshield/Old Town Comm. Urban Redev. Corp. v. CampeonRoofing Waterproofing, Inc. (1998), 129 Ohio App.3d 819,719 N.E.2d 89.
 {¶ 7} Therefore, the judgment of the trial court is affirmed.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Gorman, JJ.